IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN O'CONNELL, ) | |
| ) | Civil Action No. 05 - 163J |
| Plaintiff, ) | |
| ) | Judge David S. Cercone / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| JOHN BARRY JOHNSON, Superintendent, ) | Doc. Nos. 33, 34 |
| SCI Pine Grove, in his individual and official ) | |
| capacities; GEORGE PATRICK, ) | |
| Superintendent at SCI Houtzdale in his ) | |
| individual and official capacities; JEFFREY ) | |
| A. BEARD, Secretary of Corrections, in his ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

It does not appear to the Court that Plaintiff has a clear idea of how he wishes to proceed on this civil rights action, which was filed on March 3, 2005. His complaint alleges a violation of the 8th, 13th and 14th Amendments to the U.S. Constitution for being forced to work and for not being paid adequate compensation. A Motion to Dismiss for failure to state a claim is pending, to which Plaintiff has responded.

Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. No. 9) on June 20, 2005. Because no responsive pleading had been filed, Plaintiff was told he did not need leave of court and was ordered to file the amended pleading by August 14, 2005. He later requested an extension to September 14, which was granted. No amended complaint was filed. Now Plaintiff, on the same day, filed a pleading with the Court requesting that the proceedings in this case be placed in "civil suspense," together with a second pleading asking that he be allowed to amend his complaint to add three plaintiffs, change his relief clause and add 22 new defendants.

His request for a stay is based upon the fact that he has been transferred to another facility, which is hampering his ability to proceed with the case. The last time Plaintiff made similar allegations, the Court held a telephone conference and documentation was provided that basically showed Plaintiff's complaints had little or no validity. This Court has no intention of telling the Bureau of Prisons how to run its facilities or house its prisoners, unless it is infringing upon the constitutional rights of those prisoners. That is not the case here. The Court is also not willing to stay the case. In fact, until the court decides the pending motion, Plaintiff does not need to take any action.

Plaintiff asks to add three additional plaintiffs. Based upon the allegations of the complaint, the court cannot fathom how those plaintiffs have a cause of action arising out of the same transaction or occurrence (FRCP 20), in addition to which, the case is much too far along to allow such a joinder. Secondly, while Plaintiff does not indicate what allegations he would allege against the 22 defendants he wants to join, it appears from the requested change to relief and the content of his motion that the joinder is not based upon the original allegations of the complaint but on additional actions of alleged retaliation. In addition, a motion to dismiss is pending and must be decided. If Plaintiff wishes to pursue an action for retaliation or interference with his Sixth Amendment rights, then he must grieve such a claim and can file a separate lawsuit. the present matter will never be decided if the court allows Plaintiff to cloud and complicate the issues by adding non-related claims and parties. Therefore,

**IT IS HEREBY ORDERED**, this 2nd day of October, 2006, that Plaintiff's Motion for Civil Suspense is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Caption and Relief is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff is allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

      /s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc:    WARREN O'CONNELL
ES-9984
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

Counsel of Record