```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WARREN O'CONNELL,                  )
                                   )  Civil Action No. 05 - 163J
                                   )
     Plaintiff,                    )  Judge David S. Cercone /
                                   )  Magistrate Judge Lisa Pupo
v.                                 )  Lenihan
                                   )
JOHN BARRY JOHNSON,                )  Doc. Nos. 24
Superintendent, SCI Pine Grove,    )
in his individual and official     )
capacities; GEORGE PATRICK,        )
Superintendent at SCI Houtzdale    )
in his individual and official     )
capacities; JEFFREY A. BEARD,      )
Secretary of Corrections, in       )
his individual and official
capacities,

     Defendants.
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion to Dismiss (doc. no. 24) be granted.

II.     REPORT

Plaintiff, Warren O'Connell, a state prisoner presently confined at the State Correctional Institution at Fayette, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining of violations of the Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution.  For the reasons set forth below, the Motion to Dismiss should be granted.

## A. Standard of Review

Defendants have filed a Motion to Dismiss (doc. no. 24). Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

## B. Relevant History

In order to understand Plaintiff's claims, the Court must review his procedural history, as set forth in the September 18, 2003, Superior Court Memorandum Opinion, attached to Plaintiff's Complaint (doc. no. 4).

On July 23, 2001, Petitioner was sentenced to a term of imprisonment of three to seven years, followed by ten years probation, and restitution in the amount of $10,280.00 for his 2000 convictions of criminal conspiracy, corrupt organizations, burglary and possession of an instrument of crime. Following sentencing, on August 21, 2001, Petitioner filed a Notice of Appeal. On August 22, Petitioner's trial attorney filed a Motion for Reconsideration of Sentence which stated the following: "Judge Dembe [1] has allowed [appellant] to file this Motion for Reconsideration after the 10 day limit." The Superior Court found no evidence that such request or grant of extension was filed. In the meantime, on August 22, 2001, the trial court issued a Rule to Show Cause why the Court should not grant the relief requested and vacated Petitioner's sentence pending disposition of the motion.

On January 2, 2002, Judge Dembe *sua sponte* issued an order granted the trial court a 30-day extension to rule on appellant's motion for reconsideration. The order specifically stated that the motion would be denied by operation of law if not disposed of by January 22, 2002. Thereafter, on January 24, 2002, the Clerk of Courts sent a notice to Petitioner informing him that his post trial motion was denied by operation of law. Thereafter,

---

1. Judge Dembe was the trial judge in the case.

Petitioner filed a *pro se* Notice of Appeal to the Superior Court of Pennsylvania.

In its review of the claim, the Superior Court held that Petitioner's Notice of Appeal filed on August 21, 2001, after sentencing, divested the trial court of jurisdiction over Petitioner's Motion for Reconsideration under Pa. Rule of Appellate Procedure 1701(a).  Thus, the trial court's order purporting to deny appellant's post-sentence motion was a nullity as it did not have jurisdiction to entertain the motion.  In addition, the Superior Court noted that the trial court did not have authority to vacate its sentence pending decision of a post-sentence motion under Pa. Rule of Criminal Procedure 720(b)(3).  However, seemingly at odds with its previous holdings, instead of proceeding with the appeal, the Superior Court remanded the matter back to the trial court with instructions to reinstate the sentence.

Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that Court on March 10, 2004.

### C. Petitioner's Civil Rights Claims

Plaintiff raises two claims.  First, he claims that the Pennsylvania Department of Corrections (DOC) was without authority to require him to work from the date that his sentence was vacated on August 22, 2001, until his transfer out of DOC custody on April 23, 2004.  Second, Plaintiff claims that DOC was without authority

4

to deduct monies from his inmate account to pay his court-ordered restitution for the same time period.

It seems clear that Plaintiff's claims are barred by the teachings of the United States Supreme Court as stated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Plaintiff was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the</u>

> <u>complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

The rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit, bars the present action until Plaintiff shows that, in fact, he was not serving a valid sentence during the dates in question.  Here, the Superior Court instructed the trial court to reinstate his sentence, presumably from the date of imposition so that Petitioner could receive all credit due. Petitioner makes no claim that he did not receive credit on his sentence from the time he was incarcerated from August 22, 2001 until April 24, 2004.  Thus, he does not show that he was not serving a sentence as a convicted prisoner during this time period. Because granting relief on his claims necessary would require this court to determine that his conviction was invalid, it appears that his claims are barred under the teaching of <u>Heck</u>.

Second, assuming Plaintiff's claims are not barred, Defendants are entitled to qualified immunity from damages in this action.  With respect to his first claim, it long has been held that convicted prisoners may be required to work without pay. *See, e.g.*, <u>Draper v. Rhay</u>, 315 F.2d 193, 197 (9th Cir.) ("When a person is duly tried, convicted and sentenced in accordance with the law, no issue of peonage or involuntary servitude arises."), *cert. denied*, 375 U.S. 915 (1963). Thus, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work, with or without pay.  <u>Sigler v.</u>

6

Lowrie, 404 F.2d 659, 661 (8th Cir. 1968) (noting that there is no Constitutional right to compensation for prison work; compensation for prison labor is "by grace of the state."), *cert. denied*, 395 U.S. 940 (1969).

With respect to his second claim, Section 4 of Act 84 of 1998, Act of June 18, 1998, P.L. 640, commonly referred to as Act 84, 42 Pa. Cons. Stat. § 9728, expressly authorizes the DOC to make deductions from an inmate's account to satisfy restitution orders. While inmates possess a property interest in the money in their inmate accounts, which they cannot be deprived of without procedural due process, Reynolds v. Wagner, 128 F.3d. 166, 179 (3d Cir. 1997), the Supreme Court of Pennsylvania has determined that, because an inmate is afforded an opportunity to present evidence at his sentencing hearing to persuade the court not to impose fines, costs, or restitution, he had received sufficient notice and an opportunity to be heard to satisfy the requirements of due process. Buck v. Beard, 583 Pa. 431, 877, 879 A.2d 157 (2005). On remand from the Court of Appeals for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania came to the same conclusion. Hale v. Pennsylvania DOC, 2006 WL 2927269, *3 (M.D.Pa. Oct. 11, 2006).

Plaintiff claims that he was not a convicted prisoner from August 22, 2001 through April 24, 2004. Therefore, DOC was without authority to make him work without pay or to deduct monies from his account for his court-ordered restitution. However, as noted by the Superior Court, under Pennsylvania law, once a defendant appeals his judgment of sentence, the lower court no

7

longer has jurisdiction over his case.  Commonwealth v. Moore, 715 A.2d 448 (Pa. Super. 1998); Commonwealth v. Quinlan, 443 Pa. Super. 111, 117, 639 A.2d 1235 (1994) (holding that when an appeal is taken, the trial court has no jurisdiction to modify its sentence); Commonwealth v. Pearson, 685 A.2d 551, 454 Pa. Super. 313, *appeal denied*, 700 A.2d 439, 549 Pa. 699 (1997).  Thus, in accordance with Pennsylvania law, Defendants reasonably could have believed that Petitioner's sentence was never legally vacated as it appears that the court was without jurisdiction to do so.

State officials performing discretionary acts enjoy qualified immunity from section 1983 actions when their conduct does not violate "clearly established" statutory or constitutional rights of which a "reasonable person" would have known at the time the incident occurred.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court clarified the two-step qualified immunity inquiry.  In deciding whether a defendant is protected by qualified immunity, a court first must determine whether, "[t]aken in the light most favorable to the party asserting injury, ... the facts alleged show the officer's conduct violated a constitutional right." *Id*. at 201.  If the plaintiff's factual allegations do add up to a violation of the plaintiff's federal rights, then the court must proceed to determine whether the right was "clearly established," *i.e.*, whether the contours of the right were already delineated with sufficient clarity to make a reasonable officer in the defendant's circumstances aware that what he was doing violated the right.  *Id*.  At the first step, the inquiry is whether the facts alleged constitute a violation of the

plaintiff's rights.  At the second step, the question is whether the defendant could nonetheless have reasonably but erroneously believed that his or her conduct did not violate the plaintiff's rights. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id*. at 202.  The Saucier Court reiterated that it is very important that the officer is on notice his conduct would be unlawful under the circumstances, and if the officer does not have such notice, dismissal of a plaintiff's claims based on qualified immunity is appropriate.

Applying the Saucier analysis to the facts at bar, the relevant inquiry is whether it would have been clear to a reasonable officer in the Defendants' position that his conduct in requiring Plaintiff to work or receive a misconduct for failing to obey an order to work, and deducting monies from his account in accordance with Pennsylvania law, was unlawful.  *See also* Giuffre v. Bissell, 31 F.3d 1241, 1255 (1994) ("The ultimate issue is whether, despite the absence of a case applying established principles to the same facts, reasonable officers in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct was lawful.") (quotation omitted).  With respect to the circumstances presented at bar, it was reasonable for the correctional officers to believe that Plaintiff was serving a legally imposed sentence during the relevant time period.  Thus, Defendants are entitled to qualified immunity

because reasonable officials in the Defendants' position at the relevant time could have believed that their conduct was lawful.

Moreover, if officers of reasonable competence could disagree on the issue, immunity should be recognized. Malley v. Briggs, 475 U.S. 335, 341 (1986). It is clear that reasonable correctional officers in the Defendants' position could find their conduct in requiring Plaintiff to work and deducting monies from his account to be objectively reasonable and, hence, lawful. It is just as apparent that officers of reasonable competence could at least disagree as to whether such conduct was reasonable. As such, Defendants are protected from Plaintiff's claims under the doctrine of qualified immunity.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 24) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated:     February 28, 2007

cc:        David Stewart Cercone
           United States District Judge

           Warren O'Connell
           ES-9984
           SCI Fayette
           50 Overlook Drive
           Labelle, PA 15450

           Scott A. Bradley, Esquire
           Office of the Attorney General
           564 Forbes Avenue
           6th Floor, Manor Complex
           Pittsburgh, PA 15219