IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN O'CONNEL, | ) |
| | ) |
| Plaintiff, | ) 3:05-163J |
| | ) Electronic Filing |
| vs. | ) |
| | ) Judge Cercone |
| | ) Magistrate Judge Lenihan |
| JOHN BERRY JOHNSON, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

The above captioned case was received by the Clerk of Court on March 3, 2005, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Document No. 38), filed on February 28, 2007, recommended that Defendants' Motion to Dismiss (Document No. 24) be granted. Service was made on the Plaintiff at S.C.I. Fayette and on counsel for the Defendants. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on March 20, 2007 (Document No. 39). After review of the pleadings and documents in the case, together with the Report and Recommendation and Objections thereto, the following order is entered:

AND NOW, this 22nd day of March, 2007, **IT IS ORDERED** that Defendants' Motion to Dismiss (Document No. 24) be, and the same hereby is, **GRANTED**. The Report and Recommendation of February 28, 2007 (Document No. 38), is adopted as the Opinion of the Court. The Clerk shall mark this **CASE CLOSED**.

Petitioner's objections are without merit and are overruled. First, petitioner has failed to present any legal basis to overcome the force of Pennsylvania law that rendered Judge Dembe's order of August 22, 2001, a nullity. Consequently, petitioner remained cloaked with the status of

a "duly convicted" prisoner at all relevant times during the period in question and he has no basis to invoke any rights that would inure to his benefit as a pre-trial detainee. It follows that Tourscher v. McCullough, 184 F.3d 236 (1999), fails to provide him with a foundation upon which to stake his current claims.

Moreover, petitioner presents nothing to overcome defendants' entitlement to qualified immunity. Even the most nefarious desire to violate an individual's constitutional rights does not displace the defense when it is otherwise applicable under an objective analysis and the claimed constitutional violations do not depend upon state action taken pursuant to an improper motive. See Monteiro v. City of Elisabeth, 436 F.3d 397, 409 (3d Cir. 2006) ("An official who has committed a constitutional violation, even one evincing improper intent, will nevertheless be immune from liability if an objective observer in the same position, given the same facts and knowing of the official's improper motive, would not have recognized a constitutional violation under clearly established law."). The constitutional violations alleged by petitioner do not depend upon an improper motive and as aptly explained by the magistrate judge an objective application of the qualified immunity doctrine indicates defendants are entitled to immunity from suit. It of course likewise follows that defendants' motion to dismiss must be granted.



David Stewart Cercone
United States District Judge

cc:    Lisa Pupo Lenihan
U.S. Magistrate Judge

Warren O'Connell
ES-9984
SCI Albion
10475, Rt. 18
Albion, PA 16475

Scott A. Bradley, Esquire
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219